Hoenblower, C. J.
This was an action on the case, for maintaining and keeping up a dam, and thereby overflowing and doing damage to the plaintiff’s meadows. On the trial of the cause, the jury rendered a verdict for the plaintiff for five dollars; and the only question is, whether the plaintiff is entitled to costs. It was insisted, on the argument by the counsel for the defendant, that the plaintiff’s title was not denied, nor called in question on the trial, but that the whole dispute related to the fact or extent of his possession. On the other side, it was stated, that there had been a view in the case; and though no documentary evidence was given, yet the height of the dam, and its effects upon the plaintiff’s meadow, was gone into on both sides for thirty years back. But whether the plaintiff is entitled to costs or not, does not depend on what was proved or denied at the trial, but on the question whether the court, for the trial of small causes, had jurisdiction of the case; and whether that court had jurisdiction or not, depends upon the nature and objects of the suit.
The true rule is laid down by this court, in Gregory v. Kanouse, 6 Halst. 62: “ When the nature of the action is such, that in order to maintain it, the plaintiff must necessarily show, on his part, whatever may be the defence set up by the defendant, something more than the pedis possessio, the mere actual occupation, and must give some evidence of title, strictly so called, the action is not cognizable in the court for the trial of small causes; but where the plaintiff need give evidence of no more besides the *431 alleged trespass (injury) than of the mere possession, the action is cognizable, and may proceed to judgment, unless the defendant shall interpose a plea of title, and thereby, under the provision of the statute, suspend the jurisdiction of the justice.” In other words, “ wherever the plaintiff must show title,” as summed up by Mr. Justice Drake, in that case, “the justice has no jurisdiction.”
What, then, was the nature and object of this action ? For this we must look into the declaration. It contains three counts. In the first, the plaintiff alleges that he was lawfully possessed of a certain tract of meadow land ; and he complains, not only that his grass, there growing, was destroyed, but that “ his meadow land was made spongy, rotten and impassable.” In the second count, the plaintiff says “ he was lawfully seized and possessed of a certain close, &c.,” and he complains, not only that his grass, herbage, hay and fence, were washed away and destroyed, but that “ his land was made spongy, rotten, and good for nothing; ” and in the third count, he declares on “ a lawful possession,” and complains, substantially, as in the second count.
The action was then brought to recover damages for permanent injury done to the soil and freehold, — not merely for the destruction of grass or grain growing, or other injuries, affecting only the occupancy and possession of the premises; — and in order to maintain that action, it was necessary for the plaintiff to prove title to the freehold, even if he had not declared upon a seizin. Such I understand to be the reasoning of Mr. Justice Southard, in Van Tuyle v. Marsh, 2 South. R. 507. He says, “ this action is distinguishable from the ordinary action of trespass upon land, by a tenant in actual possession,” — and he mentions, as one "of the distinguishing features, that this action may be maintained “ by the tenant in fee, who is out of posseesion, for the permanent injury to the freehold.” In that case, the plaintiff had alleged his seizin in fee; but the judge remarks, that if he had not done so, ne would have been compelled to exhibit his title on the trial, since he had brought his action for an injury, not to the possession only, but also to the freehold.
I am, therefore, of opinion, that this action was not cognizable before a justice of the peace, and, consequently, that the plaintiff is entitled to costs.
*432 Justices White and Elmer concurred.
Whitehead, J.,
gave no opinion, he having been of counsel in the cause.
This cause was tried at the Morris circuit, and a verdict rendered for the plaintiff for less than one hundred dollars.
Mr. Seudder, in behalf of plaintiff, moved for the allowance of cost, on the ground that a justice’s court had not jurisdiction of the case, the title to land coming in question.
Mr. Armstrong resisted the motion, on the allegation that upon the trial, the plaintiff proved only an injury to his possession.
Nevius, J.
If the plaintiff might legally have maintained his action, in a court for the trial of small causes, he is not entitled to costs. By the first section of the act, constituting these courts, a justice is prohibited from trying any action wherein the “ title to lands shall or may in any wise come in question.” Yet it has often been adjudged, that he has jurisdiction in actions of trespass to lands, as for entering and cutting timber, or the like, though it is evident that the title, in such cases, may be involved. The authority of the justice depends upon'the nature of the injury complained of, or character of the defence set up. If the complaint is for an injury to the freehold of the land, the title is necessarily involved, for there can be no recovery without proof of title; or if the defendant rests his defence upon the plea of title, the justice, in neither case, can try the cause. If it be for an injury to the plaintiff’s'possession, and no plea of title be interposed, it may be tried by a justice. The case of Gregory v. Kanouse, 6 Hal. 52, contains, perhaps, the best exposition of the law upon this subject, to be found in the decisions of this court. That of Van Tayle v. Marsh, South. 507, may be considered as going farther than the circumstances required, or, perhaps, than the law warranted. By the pleadings in the case before us, it appears that the plaintiff, in one count of his declaration, alleged his seizin in the lands injured by the overflow. His title, therefore, was put in issue to be tried, among other things, and. if this count was not abandoned upon the trial, it was an issue that could not be tried by a justice. If he did not waive his claim upon this count, at the time, although he may have failed in his proof, and recovered upon his second count, for the injury to his possession only, he is- entitled to costs. Costs awarded.